UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-80 |
| | ) | |
| WILLIAM A. YOUNG, JR., | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on February 7, 2011, for a motion hearing on the Defendant Young's Motion to Continue Trial Date and to Reset Applicable Deadlines [Doc. 16], filed on January 25, 2011. Assistant United States Attorney Alexandra Hui appeared on behalf of the Government. Attorney Gerald L. Gulley, Jr., represented the Defendant, who was also present.

In his motion, the Defendant asks the Court to continue the February 15, 2011 trial date to give defense counsel time to investigate and to confer with the Defendant about a plea offer received from the Government shortly before the February 1, 2011 plea deadline. At the hearing, defense counsel informed the Court that the defense had received a plea offer too close to the deadline for the Defendant to make an informed decision about whether to accept the offer. He requested an extension of the plea deadline and a continuance of the trial date to permit the parties to investigate the possibility of resolving the case through a plea agreement. Mr. Gulley stated that

if the Defendant ultimately decided not to enter into a plea agreement, he would need time to prepare the case for trial. He stated that the plea negotiations and trial preparation could not take place in the one-week left until the current trial date. He asserted that it was in the Defendant's best interest to continue the trial. The parties agreed to a new trial date of May 10, 2011. The Court questioned the Defendant, who agreed that he understood that his attorney was asking to continue the trial, that he wanted the continuance, and that he understood that he would remain in custody pending the new trial date. The Government did not object to the requested continuance.

The Court finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendant has recently received a plea offer from the Government but has not had time to confer with counsel regarding the offer prior to the deadline for concluding plea negotiations. The Court finds that it would be a miscarriage of justice to require the Defendant to proceed to trial without having the opportunity to consider the plea offer. See 18 U.S.C. § 3161(h)(7)(B)(i). Moreover, the Court finds that defense counsel needs time to investigate the plea offer, to confer with the Defendant, and to prepare for trial, if the Defendant ultimately decides not to enter into a plea agreement. The Court finds that this could not take place before the February 15, 2011 trial date or in less than three months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's Motion to Continue Trial Date and to Reset Applicable Deadlines [**Doc. 16**] is **GRANTED**, and the trial of this matter is reset to **May 10, 2011**. The Court also finds that all the time between the filing of the Defendant's motion on January 25, 2011, and the new trial date of May 10, 2011, is fully excludable time under the Speedy Trial Act for the

reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the Court set a new deadline of **April 11, 2011**, for the conclusion of plea negotiations. The Court instructs the parties that all motions *in limine* must be filed no later than **April 25, 2011**. Special requests for jury instructions shall be submitted to the District Court no later than **April 29, 2011**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue Trial Date and to Reset Applicable Deadlines [**Doc. 16**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **May 10, 2011**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the filing of the motion on **January 25, 2011,** and the new trial date of **May 10, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for concluding plea negotiations is reset to **April 11, 2011**;

(5) Motions *in limine* must be filed no later than **April 25, 2011**; and

(6) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **April 29, 2011**.

**IT IS SO ORDERED.**

ENTER:

　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge